BANKS AND TRUST COMPANIES The provisions of 6 O.S. 803H [6-803H](5) (1977) do not require that committed but unadvanced loans be included within the statutory limits placed on the financing of construction loans for industrial or commercial buildings. The Attorney General is in receipt of your request for an opinion wherein you ask substantially the following question: Do the provisions of 6 O.S. 803H [6-803H](5) (1977), which limits bank loans for construction of industrial buildings to an aggregate amount of 100% of actual paid in and unimpaired capital plus 100% of unimpaired surplus funds, require inclusion of committed but unadvanced construction loans within its limitations?" The pertinent provisions of the above section read as follows: "H. Real estate loans to which this section does not apply. This section does not apply to: ". . . "(5) Loans made to finance the construction of industrial or commercial buildings . . . Provided, that no bank shall invest in, or be liable on, any such loans in an aggregate amount in excess of one hundred percent (100%) of its actual paid-in and unimpaired capital plus one hundred percent (100%) of its unimpaired surplus fund." Your question is based upon an interpretative ruling of the above section by the State Bank Commissioner which calls for inclusion of committed unadvanced portions of bank construction loans within the above proviso and its apparent conflict with a like interpretative ruling of the U.S. Comptroller of the Currency which appears to allow national banks a competitive advantage over state banks by not including committed unadvanced funds within United States Banking Code limitations contained in 12 U.S.C. § 371. The result of this is to give a competitive advantage to the national banks over state banks. In considering your request for an opinion, the statutory language contained within 6 O.S. 803H [6-803H](5) (1977) should first be considered to determine the legislative intent. Does the phrase "provided, that no bank shall invest in or be liable on" include both advanced and committed unadvanced portions of bank construction loan commitments within the limitations of 6 O.S. Section 803H[6-803H] [6-803H](5)? We do not think that the Legislature intended such result, which would give competitive advantage to national banks over state banks. A more reasonable interpretation is that the Legislature intended for the state banks to calculate liabilities on the same basis as national banks. It is, therefore, the opinion of the Attorney General that the provisions of 6 O.S. 803H [6-803H](5) (1977) do not require that committed but unadvanced loans be included within the statutory limits placed on the financing of construction loans for industrial or commercial buildings. (GERALD E. WEIS) (ksg)